IN THE UNITED STATES DISTRICT COURT
CENTRAL DIVISION, FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Breck England, et. al,<br><br>                              Plaintiffs,<br><br>vs.<br><br>Joel Hatch, et. al,<br><br>                              Respondents. | **MEMORANDUM DECISION AND ORDER**<br><br>Civil No. 01:14-cv-00079<br><br>Judge Clark Waddoups |

Before the court is a Motion for Attorneys' Fees filed by intervenor plaintiff Joel D. Wright. (Dkt. No. 70.) Upon consideration of the motion, the opposition and reply thereto, the relevant case law, and the record in this case, and for the reasons stated below, the court hereby DENIES plaintiff's Motion for Attorneys' Fees. The background and history of this case has previously been described, and will not be repeated here.

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) permits a plaintiff to voluntarily dismiss an action, without a court order, by filing a notice of dismissal prior to defendants "serving either an answer or a motion for summary judgment." The dismissal is without prejudice, unless the notice of dismissal states otherwise. FED. R. CIV. P. 41(a)(1)(B). Intervenor plaintiff Joel D. Wright filed a Notice of Voluntary Dismissal on January 22, 2015, stating that his dismissal was with prejudice. (Dkt. No. 57.) "A voluntary dismissal with prejudice operates as a final adjudication on the merits and is thus a final judgment." *Schmier v. McDonald's LLC*, 569 F.3d 1240 (10th Cir. 2009) (internal citations omitted). In the Tenth Circuit, "once a Rule 41(a)(1)

dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." *Netwig v. Georgia-Pacific Corp.*, 375 F.3d 1009, 1010-1011 (10th Cir. 2004) (internal quotations omitted) ("[t]he effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought.").

      Mr. Wright argues that he is a prevailing party and that status entitles him to an award of attorney's fees even after voluntary dismissal. In support of this argument, he cites a Second Circuit decision, *Kirk v. New York State Dep't. of Educ.*, 644 F.3d 134 (2nd Cir. 2011). In *Kirk*, a plaintiff was awarded attorney fees after succeeding in Section 1988 litigation. Defendants appealed, during which time events occurred that rendered plaintiff's original claim moot. On defendants' motion, the Second Circuit Court of Appeals then dismissed the appeal as moot and vacated the judgment, after which defendants moved in the district court to "also vacate the award of attorney's fees, arguing that because the judgment had been vacated, [plaintiff] had lost his status as a 'prevailing party' for purposes of § 1988." *Id.* The Second Circuit held that "prevailing party" status was not lost for purposes of an attorney's fee award simply because intervening events rendered a case moot on appeal. *Id.* Mr. Wright's argument before this court relies on an incorrect citation of the *Kirk* facts. He claims that the *Kirk* plaintiff voluntarily dismissed his claims, when that did not occur. Rather, the case was dismissed as moot on appeal, which is a very different procedural posture than the one facing this court.

      Mr. Wright mistakes the issue before the court. The question is not whether Mr. Wright is a prevailing party, an issue the court does not reach, but whether the court has jurisdiction to award attorneys' fees after Mr. Wright voluntarily dismissed his case pursuant to Rule

41(a)(1)(A)(i). Another Second Circuit case directly on point resolves the question. In *Santiago v. Kaimowitz*, the court of appeals reversed a district court's award of attorney's fees to a prevailing party under 42 U.S.C. § 1988 after plaintiffs voluntarily dismissed their case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). 753 F.2d 219 (2nd Cir. 1985). In that procedural setting, the appellate court held that plaintiff's voluntary dismissal divested the district court of jurisdiction to award attorney's fees. *Id.*

Because Mr. Wright voluntarily dismissed his case pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), this court does not have jurisdiction to consider his Motion for Attorneys' Fees. Accordingly, the motion is DENIED. The Clerk of Court is directed to enter judgment in this matter. The case is closed.

DATED this 27th day of April, 2016.

BY THE COURT:

_____
Judge Clark Waddoups
United States District Court Judge